IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

S.R., Minor Child, By and Through
REBECCA PICKINGS (Grandmother) OBO,
ZURI TAMU PICKINGS (Deceased)                                              PLAINTIFF

V.                                                                NO. 3:16CV00298-JMV

CAROLYN W. COLVIN,
*Acting Commissioner of Social Security*                                    DEFENDANT

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held August 22, 2017, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. Though it appears the ALJ rejected Dr. Barry Siegel's opinion that the claimant should "never" be exposed to "dust, odors, fumes, and pulmonary irritants" on the basis that other evidence indicated the claimant could tolerate "some level" of exposure to the same, the ALJ failed to address the issue of the frequency of that exposure in crafting the claimant's RFC. This error was not harmless because the vocational expert, whose testimony helped form the basis of the ALJ's conclusion that the

claimant was not disabled, did not consider any limitation regarding frequency of exposure when he opined there were jobs in the national economy the claimant could perform.

On remand, the ALJ must reconsider the claimant's RFC. Particularly, the ALJ must obtain, if possible, a medical source statement from one of the claimant's treating physicians, which medical source statement must include a function-by-function assessment of the claimant's ability to perform physical work-related activities. This assessment must also include an assessment of the claimant's maximum, allowable level of exposure in terms of concentration of pulmonary irritants as well as the frequency of that level of exposure in a work setting on an ongoing and continuous basis. Once this additional evidence is obtained, the ALJ must seek the assistance of a medical advisor who shall review all of the relevant evidence in the file and likewise render an opinion regarding the claimant's maximum, allowable level of exposure in terms of concentration of pulmonary irritants as well as the frequency of that level of exposure in a work setting on an ongoing and continuous basis during the relevant period. If necessary, the ALJ must obtain additional vocational expert evidence regarding the claimant's ability to work during the relevant period. The ALJ may conduct any additional proceedings which are necessary and not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 23rd day of August, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE